**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EDWARD LENTZ,** | ) CASE NO. 1:04CV0669 |
| Plaintiff, | ) |
| vs. | ) Judge John M. Manos |
| **CITY OF CLEVELAND, et. al.** | ) |
| Defendants. | ) **ORDER** |

On March 22, 2004, Edward Lentz, Plaintiff, filed the above-captioned case in the Cuyahoga County Court of Common Pleas alleging discrimination, retaliation, §1983, Americans with Disabilities Act ("ADA"), malicious prosecution, abuse of process, unlawful disclosure, and invasion of privacy claims. On April 8, 2004, the City of Cleveland, Public Safety Director Sanford Watson, and Chief of Police Edward Lohn (collectively the "Defendants"), invoked this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and removed this action to federal court pursuant to 28 U.S.C. § 1441.

On January 18, 2006, the Court issued two orders. In the first order, the Court granted, in part, and denied, in part, the Defendants' motion for summary judgment. (Docket No. 71.) Specifically, the Court granted summary judgment on the retaliation, ADA, unlawful disclosure, malicious prosecution, and abuse of process claims; and denied summary judgment on the discrimination and § 1983 claims. Also, the Court deferred a ruling on the invasion of privacy claim until it had an opportunity to rule on a pending motion to compel. In the second order, the Court granted Plaintiff's motion to compel third-party witness, Michael Tobin, a Cleveland Plain Dealer news reporter, to reveal his confidential source. (Docket No. 73.)

On February 14, 2006, Tobin filed a motion for reconsideration, presumably under Fed. R. Civ. P. 60(b)(2), because of newly-discovered evidence. (Docket No. 75.) On March 02, 2006, Plaintiff filed a brief in opposition. (Docket No. 79.) On March 15, 2006, Tobin filed a reply. (Docket No. 82.)

Meanwhile, on March 08, 2006, the Defendants filed a renewed motion for summary judgment on the pending invasion of privacy claim. (Docket No. 80.) On April 06, 2006, Plaintiff filed a brief in opposition. (Docket No. 86.) On April 20, 2006, the Defendants filed a reply. (Docket No. 87.)

Thus, before the Court are two issues: (1) the motion for reconsideration; and (2) the renewed motion for summary judgment on the invasion of privacy claim.

All issues have been fully briefed and are ready for adjudication. For the following reasons, the motion for reconsideration (Docket No. 75) and the renewed motion for summary judgment (Docket No. 80) are **GRANTED**. Upon reconsideration, the motion to compel (Docket No. 26.) is **DENIED**.

## I. FACTUAL BACKGROUND

The facts of this case have already been detailed in the Court's previous Orders dated January 18, 2006, which the Court incorporates here by reference. See (Docket Nos. 71, 73); Lentz v. City of Cleveland, 410 F. Supp. 2d 673 (N.D. Ohio 2006). Thus, the Court will only re-state the facts relevant to the instant motions.

Lentz is a police officer for the City of Cleveland. On December 12, 2001, he was involved in the non-fatal shooting of Lorenzo Locklear. At the time of the shooting, Locklear, a twelve-year old African American, was driving a stolen vehicle and in possession of illegal

drugs. An internal investigation of the shooting ensued.

On April 19, 2002, Tobin published an article about the shooting in the Cleveland Plain Dealer. The article contained personal medical information about Lentz. Specifically, it publicized the results of two of his pre-employment psychological evaluations, which, according to Lentz, invaded his privacy. The article stated:

> In 1998, Lentz applied to become an officer in Cleveland, where his father and brother are officers. Two city psychologists recommended against his hiring. One was concerned by Lentz's history of "non-conforming or assaultive behavior" and said he "may have a personality flaw which could be problematic in police work."

(Docket No. 23, Defendants' Ex. H-5 "Tobin Art.," at 2.)

On July 17, 2002, Lentz filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against the City of Cleveland for unlawful disclosure of his medical records in violation of the ADA. At first, the City of Cleveland admitted it had released the information. However, it has since recanted and now claims that this admission was in error. On September 05, 2002, the EEOC issued a finding that the City of Cleveland violated the ADA by releasing Lentz' pre-employment psychological evaluations.

On March 22, 2004, the instant suit was filed. On August 24, 2004, Tobin was deposed. However, when asked where he obtained the information for his article, he responded "I obtained it from a confidential source based on the condition that I not reveal how I obtained it." (Tobin Depo., at 12.) Pursuant to his attorney's advice, he refused to reveal the source's identity, alleging both state and federal privileges.

On October 12, 2004, Lentz filed a motion to compel Tobin to reveal the identity of his confidential source. (Docket No. 26.) However, out of an abundance of caution and given the paramount interests at stake, the Court agreed to first address the pending motion for summary

judgment to determine if Lentz' claims could be dismissed on alternative grounds.

On January 18, 2006, the Court granted summary judgment on the retaliation, ADA, malicious prosecution, abuse of process, and unlawful disclosure claims; and denied summary judgment on the discrimination and § 1983 claims. (Docket No. 71.) With regard to the invasion of privacy claim, the Court held that pre-employment psychological evaluations are not subject to public disclosure under O.R.C. § 149.43. Id. at 36-39. However, the Court deferred a ultimate ruling on the invasion of privacy claim because its resolution was clearly dependent upon the pending motion to compel. Id. at 39.

On January 18, 2006, the Court, in a separate Order, granted the motion to compel. (Docket No. 73.) The Court held that (1) the law of federal privilege applied; (2) the Sixth Circuit had rejected a First Amendment privilege for news reporters; and (3) even if the Sixth Circuit had adopted such a privilege, Lentz alleged sufficient facts to overcome it. Id.

On February 14, 2006, Tobin filed the instant motion for reconsideration bringing to the Court's attention newly discovered information. Specifically, Tobin informed the Court that on September 28, 1998, a Civil Service Commission hearing was held wherein it was placed on the record that Lentz had been found by one psychologist to have had "several incidents of either nonconforming or some type of assaultive behavior" and that he "may have a personality flaw that could be problematic." (Docket No. 77, Ex. B "CSC Tr.," at 4, 20, 32-33.) It was also noted that another psychologist expressed concern that Lentz might have a temper. Id. at 18. On October 02, 1998, the transcript from the Civil Service Commission was incorporated by reference onto the record before the Cuyahoga County Court of Common Pleas. (Docket No. 77, Ex. C "CCP Tr.," at 34-35.) Thus, Tobin argues, Lentz does not have a legitimate interest in

learning the identity of the confidential source because one cannot maintain an invasion of privacy claim for publicizing information already on the public record. The City of Cleveland agrees and has since filed a renewed motion for summary judgment on the pending invasion of privacy claim. (Docket No. 80.)

In response, Lentz argues that the public transcripts are irrelevant because it is undisputed that Tobin did not use them to write his article. In the alternative, Lentz argues that the identity of the confidential source is nonetheless relevant to his discrimination and § 1983 claims and thus, the motion for reconsideration should be denied. (Docket Nos. 79, 86.)

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party moving for summary judgment has the initial burden to either (1) present affirmative evidence negating an element of the non-movant's claim or (2) demonstrate "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once that burden is met, the non-movant must set forth sufficient evidence to create a genuine issue of material fact. Klepper v. First Am. Bank, 916 F.2d 337, 342 (6th Cir. 1990). To avoid summary judgment, the non-movant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

All reasonable factual inferences must be drawn in favor of the non-movant. Humenny v. Genex Corp., 390 F.3d 901, 904 (6th Cir. 2004) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, "the mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Indeed, "[a] mere scintilla of evidence is insufficient; rather there must be evidence on which the jury could reasonably find for the non-movant." Humenny, 390 F.3d at 904 (internal quotation omitted).

### III. LAW AND ANALYSIS

#### A. Renewed Motion for Summary Judgement

Under Ohio law, there are three types of invasion of privacy: "(1) the unwarranted appropriation or exploitation of one's personality; (2) the publicizing of one's private affairs with which the public has no legitimate concern; and (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Sustin v. Fee, 69 Ohio St.2d 143, 145 (1982). To prevail on the second type, a plaintiff must establish: (1) a public disclosure; (2) concerning facts from the private life of an individual; (3) that would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) was intentional; and (5) was not a legitimate concern to the public. Killilea v. Sears, Robuck & Co., 499 N.E.2d 1291, 1294-95 (10th App. Dist. 1985).

It is axiomatic that one cannot maintain an invasion of privacy claim for the publication of facts that were previously placed on the public record. Cox Broad. Co. v. Cohn, 420 U.S. 469, 494-95 (1975). Thus, the fact that information was already part of the public record is a

defense to an invasion of privacy claim. See Scaccia v. Dayton Newspapers, Inc., 2001 Ohio 1834, 2001 Ohio App. LEXIS 5286, *32 (2d App. Dist Nov. 30, 2001); Restatement (Second) of Torts, § 652D, Comment b (1977) ("[T]here is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public."). Indeed, for an invasion of privacy claim to have merit, "the publication must concern a truly private fact, not something that the plaintiff himself has already made public by, e.g., filing a civil lawsuit." Roe v. Heap, 2004 Ohio 2504, 2004 Ohio App. LEXIS 2093, *35 (10th App. Dist. May 11, 2004) (citing Pollock v. Rashid, 117 Ohio App. 3d 361, 369 (1st App. Dist. 1996)).

Here, at both public hearings, it was placed on the record that one psychologist found Lentz to have had "several instances of either non-conforming or some type of assaultive behavior" and that he "may have a personality flaw that could be problematic." (CSC Tr., at 4, 20, 32-33; CCP Tr., at 34-35.) It was also noted that another psychologist expressed concern that Lentz might have a temper. (CSC Tr., at 18.) Because this information was already placed on the public record, Lentz' invasion of privacy claim lacks merit. See Cox, 420 U.S. at 494-95; Scaccia, 2001 Ohio App. LEXIS 5286, at *32. This is especially true since Lentz himself made this information public by pursuing an action with the Civil Service Commission and seeking a writ of mandamus from the Cuyahoga County Court of Common Pleas. See Roe, 2004 Ohio App. LEXIS 2093, *35; Pollock, 117 Ohio App. 3d at 369. Thus, Lentz is unable to establish that the alleged disclosure concerned his *private* life because he already made these facts public. Also, the Court concludes that a reasonable person with ordinary sensibilities would not be offended by the publication of information that has been placed on the public record twice and is generally available to the public at large.

Lentz' citation to State ex. rel. Plain Dealer Publ'g Co. v. Cleveland, 106 Ohio St.3d 70 (2005) is unavailing. In Plain Dealer, the Ohio Supreme Court held that police officer photos are exempt from public disclosure under O.R.C. § 149.43(A)(1)(p), which excepts "peace officer, firefighter, or EMT residential and familial information" from the definition of a "public record." Id. at 70. The relators argued that because the municipalities had already publicly identified the officers, they waived the right to withhold disclosure. Id. at 80. In rejecting this argument, the Ohio Supreme Court reasoned that an individual's interest in controlling the dissemination of private information does not dissolve simply because that information is available to the public in some form. Id. at 81. Moreover, the Ohio Supreme Court noted, there is a substantial difference between an individual being identified as a police officer because of his uniform, vehicle, or badge number and being identified as a police officer by having his photograph published throughout Ohio. Id.

The Court finds Plain Dealer inapposite. That decision was dealing with the issue of waiver and whether a municipality is required to disclose photographs of its police officers under statutory law. It did not deal with the principles underlying a common law invasion of privacy claim. Morever, in Plain Dealer, the Ohio Supreme Court noted that there is a substantial difference between identifying a police officer on the street and having his photograph published throughout Ohio. Id. at 81. Here, Lentz cannot argue that there is anything substantially invasive about a local newspaper discussing his pre-employment psychological evaluations when he made them a matter of public concern by placing them on the record at two separate hearings, both of which were open to the public.

Lentz' citation to Roe v. Heap, 2004 Ohio 2504, 2004 Ohio App. LEXIS 2093 (10th App. Dist. May 11, 2004) is equally unavailing. In Roe, the court reinstated an invasion of privacy claim concerning the publication of juvenile court records. Id. at *52. However, unlike the juvenile court records in Roe, civil hearings are generally open to public inspection in Ohio. In fact, the main reason the court in Roe reinstated the invasion of privacy claim was because juvenile records "are not available for public inspection *in the manner in which records of other Ohio courts are available*." Id. at *51 (emphasis added). Here, the affidavit of Charles Hayden indicates that he was able to obtain a copy of both transcripts at issue simply by going to the Clerk's Office and asking for them. (Docket No. 82, Ex. A.) Thus, Roe is inapposite.

Lentz argues that the public transcripts at issue are irrelevant because it is undisputed that Tobin did not use them to write his article. However, in Ohio, the publication of medical information provided by a confidential source that can be independently verified in the public record does not constitute an invasion of privacy. Strussion v. Akron Beacon Journal Publ. Co., 2002 Ohio 3200, 2002 Ohio App. LEXIS 3212, *14-20 (9th App. Dist. Jun. 26, 2002). Here, all the information used by Lentz can be independently verified in the public record.

Finally, Lentz argues that Tobin's article went over and beyond what was available in the public record. The Court disagrees. At the Civil Service Hearing, Dr. Williams testified that when he evaluated Lentz, he found that "he had several incidents of either nonconforming or some type of assaultive behavior" and that he "may have a personality flaw that could be problematic." (CSC Tr., at 4, 20, 32.) In his article, Tobin stated that one psychologist who evaluated Lentz was concerned by his "history of 'non-conforming or assaultive behavior'" and said he "may have a personality flaw which could be problematic in police work." (Tobin Art.,

at 2.) Regardless of whether Lentz disagrees with this assessment and regardless of whether Dr. Williams was later ambivalent about his findings, the fact of the matter is that Tobin's article correctly reported that two psychologists had evaluated Lentz and that one of them had come to these conclusions at some point in time. This information is easily verifiable in the transcripts.

In short, because this information was made public in two separate hearings, Lentz cannot maintain an invasion of privacy claim as a matter of law. See Cox, 420 U.S. at 494-95; Pollock, 117 Ohio App. 3d at 369; Roe, 2004 Ohio App. LEXIS 2093, at *35; Scaccia, 2001 Ohio App. LEXIS 5286, at *32. The renewed motion for summary judgment, with respect to the invasion of privacy claim, is granted.

### B. Motion for Reconsideration

Because the Court has granted the renewed motion for summary judgment, a good portion of Lentz' arguments with respect to the motion for reconsideration are now moot. However, Lentz maintains that even if the Court grants the renewed motion for summary judgment, the identity of the confidential source is still relevant to his discrimination and § 1983 claims.

At the outset, the Court recognizes that Lentz' interest in seeking additional evidence on claims that have already withstood a motion for summary judgment would most likely be outweighed by any qualified First Amendment privilege for reporters. However, as the Court has already recognized, the Sixth Circuit in In re Grand Jury Proceedings, 810 F.2d 580 (1987) declined to adopt any such privilege. (Docket No. 73, at 5-7.). Nonetheless, the Court concludes that the limited balancing test adopted in Grand Jury weighs in Tobin's favor on this issue.

Pursuant to the Court's previous order, the balancing test enunciated in Grand Jury applies to civil proceedings as well: (1) whether the news reporter is merely being harassed in order to disrupt his relationship with confidential sources; (2) whether the request is made in good faith; (3) whether the information sought bears more than a remote and tenuous relationship to the litigation; and (4) whether there is a legitimate need for disclosure. 810 F.2d at 586.

Here, the request was made in good faith and there is no evidence that the motion to compel was filed in an attempt to harass Tobin. However, the Court concludes that the identity of the confidential source bears only a remote and tenuous relationship to his discrimination and § 1983 claims. Indeed, Lentz' relevancy argument makes little sense. He alleges that the City of Cleveland placed him on extended gym duty because of his race in order to appease the public, but then secretly gave Tobin a copy of his pre-employment psychological evaluations in order to inflame the very public it was trying to appease.

Although the release of this information was clearly relevant to the ADA, unlawful disclosure, and invasion of privacy claims, Lentz did not comply with the applicable statute of limitations with regard to the former two claims and cannot, as a matter of law, establish an invasion of privacy claim because the released information was already made public. However, the Court cannot see how the alleged disclosure of his pre-employment psychological evaluations is relevant to his discrimination and § 1983 claims.

### IV.  CONCLUSION

For the foregoing reasons, the motion for reconsideration (Docket No. 75) and the renewed motion for summary judgment (Docket No. 80.) are **GRANTED**. Upon

reconsideration, the motion to compel (Docket No. 26) is **DENIED**.  The Court will set a pretrial conference date shortly.

**IT IS SO ORDERED.**


**Date: May 22, 2006**              */s/ John M. Manos*
                                    **UNITED STATES DISTRICT JUDGE**