UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD P. LENTZ, | Case No.: 1:04 CV 669 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| THE CITY OF CLEVELAND, *et al.*, | |
| Defendants | ORDER |

Currently pending before the court is Plaintiff Edward P. Lentz's Motion Pursuant to Fed. R. Civ. P. 59(e) for Pre-judgment and Post-Judgment Interest. (ECF No. 214), and Defendants City of Cleveland, Edward F. Lohn, and Sanford E. Watson's (collectively, "Defendants") Motion Pursuant to Fed R. Civ. P. 62(b) and (f) for a Stay of Execution of the Judgment Pending Disposition of Plaintiff's Rule 59(e) Motion and Appeal. For the following reasons, the court grants in part and denies in part Plaintiff's Motion. Defendants' Motion is dismissed with respect to its request for a stay pending disposition of Plaintiff's Rule 59(e) Motion, and is considered refiled as of the date of this Order with respect to its request pursuant to Rule 62(f) for a stay pending disposition of Defendants' appeal.

**I. BACKGROUND**

The facts pertinent to this court's disposition of the instant Motions are as follows. On January 26, 2007, a jury returned a verdict in Plaintiff's favor for damages for claims of racial discrimination and retaliation brought under both Ohio and federal statutes, namely under Ohio R.C. § 4112, 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Verdict Form, ECF No. 166.) The amount of the verdict was $800,000.00. (*Id.*) The judgment was

entered by the Clerk of Court on January 30, 2007. (Jan. 30, 2007 J. Entry, ECF No. 167.) On February 13, 2007, Plaintiff filed a Motion for Pre-Judgment and Post-Judgment Interest on the Verdict. (Pl.'s Mot., ECF No. 174.) Former United States District Court Judge Kathleen O'Malley ("Judge O'Malley"), the district court judge then presiding over this case, decided Plaintiff's Motion, as well as Defendants' Fed. R. Civ. P. 50 Motion, by Memorandum Opinion and Order on September 21, 2007. (Sept. 21, 2007 Op. and Order, ECF No. 195.) Pursuant to 28 U.S.C. § 1961, Judge O'Malley awarded post-judgment interest, finding that " Plaintiff is entitled to post-judgment interest on the jury award of $800,000 at the statutory rate of interest, computed daily from January 30, 2007 to the date of payment." (*Id.* 54.) Judge O'Malley, however, declined to award pre-judgment interest, finding in pertinent part that:

> Although there is support for the proposition that prejudgment interest should apply to all past injuries, including emotional injuries, *see Thomas v. Texas Dept. of Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002), the somewhat unique nature of Plaintiff's emotional injuries renders such an award inappropriate in this case. Plaintiff's claim of emotional harm was premised on an adjustment disorder with anxiety and depressed mood which, by definition, was temporary and dissipated once the causes of the disorder (gymnasium duty, among others) were no longer present. According to Plaintiff's expert, the disorder ceased prior to the filing of this lawsuit. These emotional injuries, therefore, were not injuries that Plaintiff suffered throughout the pendency of this lawsuit. In addition, the nature of the emotional harm (which is caused by a cumulation of stressors) does not lend itself to a precise start date or "date of injury" from which the Court could find that interest began to run. For that matter, there is also no precise end date when the disorder subsided. For his part, Plaintiff has not attempted to define any specific dates to guide the Court. The Court, therefore, is unable to calculate a prejudgment interest award with any certainty and must deny Plaintiff's request for such an award.
>
> In addition, because the award was given in one amount to compensate Plaintiff for all of his injuries, both economic and emotional, the Court also cannot award prejudgment interest on only the economic injuries Plaintiff alleged (e.g., lost court time, no lunch time). It is simply not possible to parse out the award that way.

(*Id.* 52–53.) Defendant appealed to the Sixth Circuit, and Plaintiff cross-appealed the denial of pre-judgment interest. On June 4, 2009, the Sixth Circuit denied Plaintiff's cross-appeal and affirmed

the district court's judgment, but remanded for the district court to calculate an appropriate remittitur of the judgment. *Lentz v. City of Cleveland*, 333 Fed. App'x 42, 51 (6th Cir. 2009). Regarding the denial of pre-judgment interest, the Sixth Circuit held:

> Prejudgment interest is appropriate if needed to make a plaintiff whole. *See Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir.1996). But awarding prejudgment interest is at the discretion of the district court, *id.*, and the court did not deem it necessary. Moreover, since Lentz did not introduce evidence about when his injuries began, the court could not calculate how much interest, if any, would make him whole. For these reasons, the court did not abuse its discretion.

(*Id.*) On March 5, 2010, Judge O'Malley held that Plaintiff's judgment should be remitted to $292,632.68 and ordered that Plaintiff either accept this remittitur or seek retrial on damages within 10 days. (Mar. 5, 2010 Op. and Order, ECF No. 209.) On March 15, 2010, Plaintiff accepted the Court's remittitur (Notice of Acceptance, ECF No. 210), and on March 16, 2010, the Court entered a judgment for Plaintiff in the amount of $292,632.68. (J. Entry, ECF No. 211.) Defendants filed their Notice of Appeal to the Sixth Circuit on April 15, 2010. (Notice of Appeal, ECF No. 215.) On the same day, Defendants filed a Rule 62 Motion for a Stay of Execution of the Judgment. (ECF No. 216.) Plaintiff's filed his Opposition to this Motion on April 27, 2010 (ECF No. 221); Defendants filed their Reply on May 7, 2010. (ECF No. 224.)

On April 13, 2010, Plaintiff once again filed a Motion Pursuant to Rule 59(e) for Pre-Judgment and Post-Judgment Interest on the March 16, 2010 Judgment. (Pl.'s Rule 59(e) Mot., ECF No. 214.) Plaintiff requests that the court conform its final judgment dated March 16, 2010 to award pre-judgment interest on Plaintiff's remitted award of $292,632.68 from the date of his filing of the Complaint on March 30, 2004, to January 29, 2007, the date that the initial judgment was entered in Plaintiff's favor. (*Id.* ¶ 4.) Further, pursuant to 28 U.S.C. ¶ 1961, Plaintiff requests post-judgment

interest on the remitted judgment from January 30, 2007 until such date that Defendants satisfy Plaintiff's judgment against them. (*Id.* ¶ 6.)

On April 29, 2010, Defendants filed their Opposition to Plaintiff's Motion. (Defs.' Br. in Opp'n to Pl.'s 59(e) Mot., ECF No. 223.) Defendants argue that (1) the court has previously decided the issue of pre-judgment interest and thus the law of the case doctrine precludes reconsideration; (2) there is no new evidence warranting reversal of the denial of pre-judgment interest; (3) in any event, Plaintiff is not entitled to pre-judgment interest from the date of the Complaint until the date of the initial judgment; and (4) Plaintiff is only entitled to post-judgment interest from the date of the March 16, 2010 judgment. (*Id.* 2.)

## II. LAW AND ANALYSIS

### A. Standard

A post-judgment motion for pre-judgment interest should be treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). In the Sixth Circuit, whether to award pre-judgment interest is "within the discretion of the trial court." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir. 1996) (citing *E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984)). Generally, "[p]rejudgment interest helps to make victims of discrimination whole and compensates them for the true cost of money damages they incurred." *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 842 (6th Cir. 1994) (citing *West Virginia v. United States*, 479 U.S. 305, 310 (1987)). Prejudgment interest is commonly awarded to back pay awards. *Thurman*, 90 F.3d at 1170 (citing *Wooster Brush*, 727 F.2d at 579).

The award of post-judgment interest, however, is not discretionary. Under 28 U.S.C. § 1961, "[i]nterest *shall* be allowed on any money judgment in a civil case recovered in a district court."

(Emphasis added). Under § 1961, interest runs from the "date of the entry of the judgment" by the court rather than from the date of the jury verdict. *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir. 2005) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990)). Further, § 1961(a) provides that post-judgment interest should be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

Under Fed. R. Civ. P. 62(b), a federal court has broad discretion to stay execution of a judgment pending the disposition of post-trial motions. *Houben v. Telular Corp.*, 309 F.3d 1028, 1038–40 (7th Cir. 2002). Pursuant to Rule 62(b)(3), the court may stay the execution of a judgment pending disposition of a motion under Rule 59. Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

### B. Prejudgment Interest

The law of the case doctrine "precludes a court from 'reconsideration of identical issues.'" *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973)). In *Hanover*, the Sixth Circuit stated three exceptions to this general rule: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* at 312 (citing *Coal Res. Inc. v. Gulf & Western Indus. Inc.* 865 F.2d 761, 766 (6th Cir. 1989)).

In this case, Plaintiff invokes the new evidence exception to the law of the case doctrine, and argues that reconsideration of the denial of pre-judgment interest is warranted. Plaintiff argues that

- 5 -

the court "clearly has discretion to address this issue since by granting the remitted judgment, [the court] has decided when Patrol Office [sic] Lentzs' injuries began. This had been the reason for originally not granting the request in 2007. This new evidence, which was not available to the Court at the time of the jury's verdict, has now been ascertained." (Pl.'s Br. in Supp. 3, ECF No. 214-1.) Defendant argues that "[c]ontrary to Plaintiff's proposition, there has been no new evidence in this matter warranting the Court's reversal of its prior decision about pre-judgment interest." (Def.'s Br. in Opp'n 5.) Further, Defendants note that there was no re-trial on the issue of damages in this case, and instead Judge O'Malley relied on the evidence already introduced at trial in remitting the judgment. (*Id.*)

The court agrees with Defendants that there is no new evidence in this case warranting reconsideration of the issue of pre-judgment interest. As an initial matter, the court does not find, as Plaintiff argues, that the court's prior difficulty in determining when Plaintiff's injuries began was "*the* reason for originally not granting the request in 2007." (Pl.'s Br. in Supp. 3 (emphasis added).) In denying Plaintiff's initial request for pre-judgment interest, Judge O'Malley held that the "somewhat *unique nature* of Plaintiff's emotional injuries renders such an award inappropriate in this case." (Sept. 21, 2007 Op. and Order 52) (emphasis added). The difficulty in ascertaining a start date and end date for the injuries was an additional justification. (*Id.* ("In addition, the nature of the emotional harm . . . does not lend itself to a precise start date or 'date of injury' from which the Court could find that interest began to run.")) In affirming Judge O'Malley's denial of pre-judgment interest, the Sixth Circuit found that Judge O'Malley had not abused her discretion. *Lentz*, 333 Fed. App'x at 51. Additionally, the Sixth Circuit noted that "[*m*]*oreover*, since Lentz did not introduce evidence about when his injuries began, the court could not calculate how much interest, if any,

would make him whole." *Id.* (emphasis added). The court finds there is no new evidence in this case to warrant reconsideration of Judge O'Malley's finding that the "unique nature" of Plaintiff's injuries would make an award of pre-judgment interest inappropriate. As the Sixth Circuit has noted, "[p]rejudgment interest helps to make victims of discrimination whole and compensates them for the true cost of *money damages* they incurred. This court commonly awards prejudgment interest on *back pay awards*.." *Thurman*, 90 F.3d at 1170 (quoting *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 841–42 (6th Cir. 1994)) (emphasis added). Plaintiff has failed to point to any developments in the law regarding the prevailing view on pre-judgment awards. Consequently, Plaintiff's Motion is denied with respect to his request for pre-judgment interest.

### C. Post-judgment Interest

As noted above, Plaintiff is by statute entitled to post-judgment interest. The sole question before the court is the appropriate judgment date, which would in turn determine the applicable interest rate and affect the total interest award amount. Plaintiff asks that this court grant post-judgment interest from the date of the initial judgment. Defendants argue that because the Sixth Circuit decision in this case did not contain instructions regarding post-judgment interest, the court is "'powerless to award interest other than that is provided in 28 U.S.C. §1961, that is, from the date the district court enters judgment on return of the mandate.'" (Defs.' Opp'n 8 (quoting *Tronzo v. Biomet, Inc.*, 318 F.3d 1378, 1380 (Fed. Cir. 2003)).) Defendants cite Rule 37(b) of the Federal Rules of Appellate Procedure, which provides that "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." Alternatively, Defendants argue that because Plaintiff's damages were not meaningfully ascertained until after the remand from the Sixth Circuit, post-

- 7 -

judgment interest should accrue from the date of the March 2010 judgment. (*Id.* at 8–9.)

As an initial matter, the court disagrees with Defendants that Fed. R. App. P. 37(b) bars the court from considering Plaintiff's request for post-judgment interest from the date of the initial judgment entry. By its plain terms, Rule 37(b) applies where the Court of Appeal's mandate contains a "direction that a money judgment be entered in the district court." In this case, the Sixth Circuit reversed the denial of the remittitur, it contained no "indication that the mandate is directing entry of a *particular* money judgment." *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004) (emphasis in original). Defendants cite *Tronzo v. Biomet, Inc.*, 318 F.3d 1378 (Fed. Cir. 2003) for support, but that case involved a prior Court of Appeals mandate "reinstating the original punitive damage award of $20,000,000." *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1352. The Sixth Circuit provided no such mandate in this case, and thus the restriction found at Rule 37(b) is inapplicable. Consequently, the court turns to the merits of Plaintiff's request.

In *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836 (1990), the Supreme Court held that post-judgment interest should accrue once damages have been meaningfully ascertained. In *Adkins v. Asbestos Corp., Ltd.*, 18 F.3d 1349, 1352 (6th Cir. 1994), the Sixth Circuit applied *Bonjorno*, and held that in a case where "the original judgment was vacated *in its entirety* on the first appeal and the district court was ordered to support its award of damages with specific findings of fact and conclusions of law . . . the damages suffered by the plaintiffs were not meaningfully ascertained as required by *Bonjorno* until the trial court issued its second judgment." *Id.* (emphasis added).

In *Coal Res., Inc. v. Gulf & W. Indus., Inc.*, 954 F.2d 1263 (6th Cir. 1992), however, the Sixth Circuit held that interest should run from the earlier date where the Sixth Circuit had previously "remanded the case for a new trial unless Coal Resources agreed to a remittitur of $226,563 of the damages awarded. *Id.* at 1274. The Sixth Circuit distinguished *Bonjorno* as a case where "the

previous damage award was set aside and the District Court was directed to hold a new trial on the issue of damages." *Id.* at 1274–75. By contrast, in the case before it, the Sixth Circuit found that "[t]he remittitur merely reduced the damages by a distinct amount easily determined from the facts of the case." *Id.* at 1275.

The facts of this case are similar to facts of *Coal Resources*. In this case, the Sixth Circuit held that the jury's award "excessively compensat[ed] Lentz for temporary emotional harm, such that the denial of a remittitur here amounts to abuse of the court's discretion." *Lentz*, 333 Fed. App'x at 50. The Sixth Circuit made no such finding with respect to the economic losses of $92,632.68 included in the total judgment amount. *Id.* On remand, Judge O'Malley calculated "based on the evidence that was presented at trial, 'the maximum amount the jury could reasonably have awarded.'" (Mar. 5, 2010 Op. and Order 5 (quoting *Skalka v. Fernald Envt'l. Restoration Mgmt. Corp.*, 178 F.3d 414, 427 (6th Cir. 1999)).) After considering the trial evidence, Judge O'Malley reduced the judgment from $800,000 to a total of $292,632.68, which included $92,632.68 for economic damages and $200,000 for emotional distress damages. (*Id.* 21.) There was no retrial on the issue of damages. Like *Coal Resources*, this is a case where the original award "had simply been reduced by a certain amount following a court-ordered remittitur." *Adkins*, 18 F.3d at 1352 (distinguishing *Coal Resources*). Accordingly, post-judgment interest is awarded from the date of the original judgment. *Id.* (citing *Coal Resources*, 954 F.2d at 1274–75). Thus, the court finds that Plaintiff is entitled to post-judgment interest at the statutory rate of interest, computed daily from January 30, 2007, the date of the original judgment, until such date Defendants satisfies the judgment.

### D. Defendants' Motion for a Stay of Execution of the Judgment

Finally, the court considers Defendants' "Motion to Stay Execution of Judgment and Plaintiff's 59(e) Motion for Pre-Judgment and Post-Judgment Interest on Final Judgment Dated March 16,

2010 Pending Disposition of Appeal." (ECF No. 216.) In their Reply to Plaintiff's Opposition, Defendants clarified that their Motion should have been captioned, "Defendants' Motion to Stay Execution of Judgment Pending Disposition of Plaintiff's 59(e) Motion for Pre-Judgment and Post-Judgment Interest and Appeal." (Defs.' Reply 1, ECF No. 224.) Further, Defendants seek a stay without having to post a supersedeas bond pursuant to Rule 62(f). (Defs.' Mot. 3–6, ECF No. 216.) Plaintiff filed his Opposition on April 27, 2010, arguing that because there is "no final appealable Order until this Court rules on the Rule 59(e) Motion [] Defendant's Notice of Appeal is premature, and has no effect upon the proceedings at this time." (Pl.'s Opp'n to Defs.' Mot. 1, ECF No. 221.)

Because this Order resolves Plaintiff's Rule 59(e) Motion, the court finds that Defendants' Motion for a Stay of Execution is moot inasmuch as it requests a stay pending disposition of the Rule 59(e) Motion. However, Defendants have also requested a stay without bond pending disposition of their appeal to the Sixth Circuit. In fairness to the Plaintiff, however, who has not responded to the substance of Defendants' Rule 62(f) Motion, the court considers Defendants' Rule 62(f) Motion refiled as of the date of this Order and grants Plaintiff 15 days to respond to Defendants' Motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 59(e) Motion is granted in part and denied in part. (ECF No. 214). Plaintiff is entitled to post-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a) from the date of the January 30, 2007 judgment entry until such date payment is made. The court denies Plaintiff's request for pre-judgment interest. Defendants' Rule 62 Motion (ECF No. 216), is dismissed with respect to its request for a stay pending disposition of Plaintiff's Rule 59(e) Motion, and considered refiled as of the date of this Order with respect to its request under Fed. R.

Civ. P. 62(f) for a stay of execution of the judgment pending disposition of Defendants' appeal. Plaintiff has 15 days from the date of this Order to respond to Defendants' Motion.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 30, 2011